UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re STELLENT, INC. SECURITIES LITIGATION | ) ) ) | Master File No. CV-03-4384 RHK/AJB <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ) ) ) ) ) ) | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated class action is pending before the Court entitled *In re Stellent, Inc. Securities Litigation*, Master File No. CV-03-4384 RHK/AJB (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of August 10, 2005 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on 11-16, 2005, at 8:00 a.m., at 180 East Fifth Street, St. Paul, Minnesota, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.9 of the Stipulation should be entered

herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, for purposes of effectuating this settlement, a Settlement Class consisting of all Persons who purchased Stellent Publicly Traded Securities including Stellent Common Stock and Stellent Put and Call Options, from October 2, 2001 through April 1, 2002, inclusive. Excluded from the Settlement Class are the Defendants, members of the immediate families of any individual Defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation.

4.     With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the

controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.     The Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     The Claims Administrator shall make reasonable efforts to identify all Persons who are Members of the Settlement Class, and not later than 9-21 , 2005 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)     Not later than 9-28, 2005, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.     Nominees who purchased Stellent Publicly Traded Securities during the period from October 2, 2001 through April 1, 2002, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such Stellent Publicly Traded Securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8.     All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

9.     Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained

therein.  Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provi ded for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

10.     Any Person who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

11.     Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

12.     Any Member of the Settlement Class may appear and show cause if he, she or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any  other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that

Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before 10-28, 2005, by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey D. Light, 401 B Street, Suite 1600, San Diego, California 92101; and Dorsey & Whitney LLP, Peter W. Carter, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402-1498, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Minnesota, on or before 10-28, 2005. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14.     All papers in support of the settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) days prior to the Settlement Hearing.

15.     Neither Defendants nor their Related Persons shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

17.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice and Administration Fund.

18.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants or their Related Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED:   9/6/05                    s/Richard H. Kyle
                                  _____
                                  THE HONORABLE RICHARD H. KYLE
                                  UNITED STATES DISTRICT JUDGE

Submitted by:

REINHARDT WENDORF &
BLANCHFIELD
GARRETT D. BLANCHFIELD, JR
(#209855)


_____/s/ Garrett D. Blanchfield, Jr_____
GARRETT D. BLANCHFIELD, JR

E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN  55101
Telephone:  651/287-2100
651/287-2103 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
REED R. KATHREIN
DENNIS J. HERMAN
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JEFFREY D. LIGHT
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

GOODKIND LABATON RUDOFF
  & SUCHAROW, LLP
CHRISTOPHER KELLER
LOUIS GOTTLIEB
100 Park Avenue, 12th Floor
New York, NY  10017-5563
Telephone:  212/907-0700
212/818-0477 (fax)

Attorneys for Lead Plaintiff David Mowbray

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re STELLENT, INC. SECURITIES LITIGATION | ) ) ) | Master File No. CV-03-4384 RHK/AJB |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| ALL ACTIONS. | ) | EXHIBIT A-1 |

TO:   ALL PERSONS WHO PURCHASED STELLENT, INC. ("STELLENT") COMMON STOCK OR STELLENT PUT AND CALL OPTIONS FROM OCTOBER 2, 2001 THROUGH APRIL 1, 2002, INCLUSIVE ("CLASS PERIOD")

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  IF YOU PURCHASED STELLENT COMMON STOCK OR STELLENT PUT AND CALL OPTIONS FROM OCTOBER 2, 2001 THROUGH APRIL 1, 2002, YOUR RIGHTS WILL LIKELY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2005.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Minnesota (the "Court").  The purpose of this Notice is to inform you of the proposed settlement of this class action litigation captioned *In re Stellent, Inc. Securities Litigation*, Master File No. CV-03-4384 RHK/AJB (the "Litigation") pursuant to the parties' agreement to resolve the claims in the Litigation, and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement.  This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

The proposed settlement creates a fund in the principal amount of $12,000,000.00 in cash (the "Settlement Fund") and will include interest that accrues on the fund prior to distribution.  Based on Lead Plaintiffs' estimate of the number of shares entitled to

participate in the settlement and the anticipated number of claims to be submitted by Settlement Class Members, the average recovery per share will be approximately $.57 before deduction of Court-approved fees and expenses.  However, your actual recovery from this fund will depend on a number of variables, including the number of claimants, the number of shares you purchased, the expense of administering the claims process, the timing of your purchases and sales (if any) and the type of security you purchased as explained more fully in Section VII below.

Lead Plaintiffs and Defendants do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to have prevailed on each claim asserted.  The issues on which the parties would likely disagree include: (1) the appropriate economic model for determining the amount by which Stellent securities were allegedly artificially inflated (if at all) during the Class Period; (2) the effect of various market forces influencing the trading price of Stellent securities at various times during the Class Period; (3) the extent to which external factors, such as general market conditions, influenced the trading price of Stellent securities at various times during the Class Period; (4) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of Stellent securities at various times during the Class Period; (5) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of Stellent securities at various times during the Class Period; and (6) whether the statements made or facts allegedly omitted were false, misleading, material or otherwise actionable under the federal securities laws.

Counsel for the Lead Plaintiffs believe that the proposed settlement is a significant recovery and is in the best interests of the Settlement Class. Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that Lead Plaintiffs would not have prevailed on any of their claims, in which case the Settlement Class would receive nothing. For example, Lead Plaintiffs faced the possibility that the claims in this case could have been dismissed at summary judgment or at trial. In addition, the amount of damages recoverable by the Settlement Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would likely assert that all or most of the losses of Settlement Class Members were caused by non-actionable market, industry or general economic factors. Defendants would also assert that throughout the Class Period the uncertainties and risks associated with Stellent's business and financial condition and the purchase of Stellent securities were fully and adequately disclosed.

Plaintiffs' counsel have not received any payment for their services in conducting the Litigation on behalf of the Lead Plaintiffs and the Members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the settlement is approved by the Court, plaintiffs' counsel will apply to the Court for attorneys' fees in an amount of 30% of the settlement proceeds and reimbursement of expenses incurred not to exceed $200,000 to be paid from the settlement proceeds. If the amount requested by counsel is approved by the Court, the average cost per share will be approximately $.18. The average cost per share will vary depending on the number of shares for which claims are filed.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in this Litigation or the fairness or adequacy of the proposed settlement.

For further information regarding this settlement you may contact: Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, California 92101, Telephone: 800/449-4900. Please do not call any representative of Stellent or the Court.

## I.   NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing will be held on _____, 2005, at __:__ __.m., before the Honorable Richard H. Kyle, United States District Judge, at 180 East Fifth Street, St. Paul, Minnesota (the "Settlement Hearing"). The purpose of the Settlement Hearing will be to determine: (1) whether the settlement consisting of $12,000,000.00 in cash (plus accrued interest) should be approved as fair, reasonable, and adequate to each of the parties; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (4) whether the Litigation should be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

## II.   DEFINITIONS USED IN THIS NOTICE

1.      "Lead Plaintiffs" means Central Laborers' Pension Fund and David Mowbray.

2.      "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and, as applicable, their respective spouses, heirs, predecessors, successors, representatives, or assignees.

3.      "Plaintiffs' Settlement Counsel" or "Lead Counsel" mean Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Dennis J. Herman, 100 Pine Street, Suite 2600, San Francisco, California 94111; and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Jeffrey D. Light, 401 B Street, Suite 1600, San Diego, California 92101.

4.      "Related Persons" means each of a Defendant's present and former parents, subsidiaries, affiliates, divisions, and joint ventures, and their present and former officers, directors, employees, agents, representatives, attorneys, insurers, excess insurers, advisors, investment advisors, auditors, accountants, spouses and immediate family members, and the predecessors, heirs, successors, and assigns of any of them, any Person or entity in which any Related Person has or had a controlling interest or which is or was related to or affiliated with any Related Person, and any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

5.      "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of e very nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Defendants arising out of, based upon or related to both the purchase of Stellent Publicly Traded Securities by any Settlement Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, representations, statements, omissions or failures to act which were or could have been alleged in the Litigation.  Released Claims also includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation between the Settling Parties but does not include any claim to enforce the terms of the Stipulation.

6.      "Released Persons" means each and all of the Defendants and each and all of their Related Persons.

7.      "Representative Plaintiffs' Counsel" means counsel who have appeared for any plaintiff in the Litigation.

8.     "Settlement Class" means a class consisting of all Persons who purchased Stellent Publicly Traded Securities from October 2, 2001 through April 1, 2002, inclusive. Excluded from the Settlement Class are the Defendants, members of the immediate families of any individual Defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

9.     "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth above.

10.     "Settling Parties" means, collectively, each of the Lead Plaintiffs (on behalf of themselves and the Settlement Class Members) and each of the Defendants.

11.     "Stellent Publicly Traded Securities" means Stellent's common stock and Stellent's Put and Call Options.

12.   "Unknown Claims" means any Released Claims which any Lead Plaintiff or

Settlement Class Member does not know or suspect to exist in his, her or its favor at the

time of the release of the Released Persons, which, if known by him, her or it, might have

affected his, her or its settlement with and release of the Released Persons, or might have

affected his, her or its decision not to object to this settlement.  With respect to any and

all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,

the Lead Plaintiffs shall expressly waive and each of the Settlement Class Members shall

be deemed to have waived, and by operation of the Judgment shall have expressly

waived, the provisions, rights and benefits of California Civil Code §1542, which

provides:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.

The Lead Plaintiffs shall expressly waive and each of the Settlement Class Members shall be

deemed to have waived, and by operation of the Judgment shall have expressly waived, any

and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, which is similar, comparable or equivalent to

California Civil Code §1542.  The Lead Plaintiffs and Settlement Class Members may

hereafter discover facts in addition to or different from those which he, she or it now knows

or believes to be true with respect to the subject matter of the Released Claims, but each

Lead Plaintiff shall expressly fully, finally, and forever settle and release and each Settlement

Class Member, upon the Effective Date, shall be deemed to have fully, finally, and forever

settled and released, and by operation of the Judgment shall have expressly fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the settlement of which this release is a part.

## III.   THE LITIGATION

On and after July 31, 2003, seven actions were filed in the United States District Court for the District of Minnesota, as securities class actions on behalf of purchasers of the publicly traded securities of Stellent, Inc. These actions subsequently were consolidated for all purposes as *In re Stellent, Inc. Securities Litigation*, Master File No. CV-03-4384 RHK/AJB.

On or about November 20, 2003, the Court appointed the Central Laborers' Pension Fund and David Mowbray as "Lead Plaintiffs" pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and approved Lead Plaintiffs' selection of lead counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

The operative complaint in the Litigation is the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint"). The Complaint alleges

violations of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.  The Complaint was brought on behalf of a class consisting of all purchasers of the publicly traded securities of Stellent from October 2, 2001 through April 1, 2002, inclusive.

## IV.   CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and appeal.  The Lead Plaintiffs and Lead Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation.  The Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation.  The Lead Plaintiffs and Lead Counsel believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class, including the benefits of obtaining a substantial Settlement Fund and eliminating the risk of no recovery.  Based on their evaluation, the Lead Plaintiffs and Lead Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiffs and the Settlement Class.

## V.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Litigation.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of

any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or Settlement Class Members have suffered damage; that the price of Stellent securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise; and that the Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Litigation.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. The Defendants, therefore, have determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI. TERMS OF THE PROPOSED SETTLEMENT

The Settlement Fund consists of $12 million in cash plus interest thereon, which will earn interest for the benefit of the Settlement Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to counsel for plaintiffs as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Settlement Fund (the "Net

Settlement Fund") will be distributed according to the Plan of Allocation described below to Settlement Class Members who submit valid and timely Proof of Claim and Release forms.

## VII.  PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in Stellent securities during the Class Period.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

1.      *For shares of Stellent, Inc. common stock purchased from October 2, 2001 through March 11, 2002*, and

(a)      sold prior to March 12, 2002, the claim per share is $0;

(b)      sold between March 12, 2002 and March 19, 2002, the claim per share is the lesser of:

(i)      the purchase price less $5.888 (90 Day Average Closing Price), or

(ii)      $1.640 per share (March 12, 2002 Price Decline);

(c)      sold between March 20, 2002 and April 1, 2002, the claim per share is the lesser of:

(i)      the purchase price less $5.888 (90 Day Average Closing Price), or

(ii)      $5.360 per share (March 12, 2002 and March 20, 2002 Price Declines);

(d)      retained at the end of April 1, 2002, the claim per share is the lesser of:

(i)      the purchase price less $5.888 (90 Day Average Closing Price), or

(ii)      $5.990 per share (March 12, 2002, March 20, 2002 and April 2, 2002 Price Declines).

2.      *For shares of Stellent, Inc. common stock purchased from March 12, 2002 through March 19, 2002*, and

(a)      sold prior to March 20, 2002, the claim per share is $0;

(b)      sold between March 20, 2002 and April 1, 2002, the claim per share is the lesser of:

(i)      the purchase price less $5.888 (90 Day Average Closing Price), or

(ii)      $3.720 per share (March 20, 2002 Price Decline);

(c)      retained at the end of April 1, 2002, the claim per share is the lesser of:

(i)      the purchase price less $5.888 (90 Day Average Closing Price), or

(ii)   $4.350 per share (March 20, 2002 and April 2, 2002 Price Declines).

3.   *For shares of Stellent, Inc. common stock purchased from March 20, 2002 through April 1, 2002*, and

(a)   sold prior to April 2, 2002, the claim per share is $0;

(b)   retained at the end of April 1, 2002, the claim per share is the lesser of:

(i)   the purchase price less $5.888 (90 Day Average Closing Price), or

(ii)   $0.630 per share (April 2, 2002 Price Decline).

### *CALL OPTIONS*

1.   For call options on Stellent common stock that were **purchased** from October 2, 2001 through April 1, 2002, and

(a)   *owned* at the end of one of the following dates: March 11, 2002, March 19, 2002 or April 1, 2002, the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

(b)   *not owned* at the end of one of one of the following dates: March 11, 2002, March 19, 2002 or April 1, 2002, the claim per call option is $0.

2.   *For call options on Stellent common stock that were **written** from October 2, 2001 through April 1, 2002 , the claim per call option is $0*.

### *PUT OPTIONS*

1.   *For put options on Stellent common stock that were **written** from October 2, 2001 through April 1, 2002*, and

(a)   *owned* at the end of one of the following dates: March 11, 2002, March 19, 2002 or April 1, 2002, the claim per put option is the difference between the price paid

upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

(b)      *not owned* at the end of one of one of the following dates: March 11, 2002, March 19, 2002 or April 1, 2002, the claim per put option is $0.

2.      *For call options on Stellent common stock that were* **purchased** *from October 2, 2001 through April 1, 2002 , the claim per call option is $0.*

Total Recovery for the options shall not exceed 5% of the Net Settlement Fund.

Note:  In the case the option was exercised for Stellent common stock, the amount paid or proceeds received, upon the settlement of the option contract will equal the intrinsic value of the option using Stellent common stock's closing price on the date the option was exercised to determine a claim.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.  The determination of the price paid per security and the price received per security, shall be exclusive of all commissions, taxes, fees and charges.

For Settlement Class Members who held securities at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of securities during the Class Period will be matched, in chronological order, first against securities held at the beginning of the Class Period.  The remaining sales of securities during the Class Period will then be matched, in chronological order, against securities purchased during the Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Stellent securities during the Class Period are subtracted from all losses.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

## VIII.   PARTICIPATION IN THE SETTLEMENT CLASS

If you fall within the definition of the Settlement Class, you are a Settlement Class Member unless you e lect to be excluded from the Settlement Class.  If you do not request to be excluded from the Settlement Class, you will be bound by any judgment entered with respect to the settlement in the Litigation whether or not you file a Proof of Claim and Release form.

If you remain a Settlement Class Member, your interests will be represented by Lead Counsel.  If you choose, you may enter an appearance individually or through your own counsel at your own expense.

TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.  The Proof of Claim and Release must be postmarked on or before _____, 2005, and delivered to the Claims Administrator at the address below.  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## IX.    EXCLUSION FROM THE SETTLEMENT CLASS

You may request to be excluded from the Settlement Class.  To do so, you must mail a written request stating that you wish to be excluded from the Settlement Class to:

> *Stellent Securities Litigation*
> c/o Claims Administrator
> Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

The request for exclusion must state: (1) your name, address and telephone number; (2) all purchases and sales of Stellent securities made during the Class Period, including the dates of purchase or sale, the number of shares and/or options purchased or sold, and the price paid or received per security; and (3) a statement of your intention to be excluded from the Settlement Class.  YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2005.  If you submit a valid and timely request for exclusion, you shall have no rights under the settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

## X.    DISMISSAL AND RELEASES

If the proposed settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").  The Judgment will dismiss the Released Claims with prejudice as to all Defendants and their Related Persons.

The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Released Claims against all Defendants and their Related Persons.

## XI.   APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, counsel for Lead Plaintiffs will request the Court to award attorneys' fees in an amount of 30% of the settlement proceeds, plus reimbursement of the expenses, not to exceed $200,000, which were advanced in connection with the Litigation, plus interest thereon.  Settlement Class Members are not personally liable for any such fees or expenses.

To date, plaintiffs' counsel have not received any payment for their services in conducting the Litigation on behalf of Lead Plaintiffs and the Members of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses.  The fee requested by plaintiffs' counsel would compensate counsel for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class and for their risk in undertaking this representation on a contingency basis.  The fee requested is within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XII.   CONDITIONS FOR SETTLEMENT

The settlement is conditioned upon the occurrence of certain events described in the Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the time to appeal from or alter or amend the Judgment.  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of March 1, 2005.

## XIII.   THE RIGHT TO BE HEARD AT THE HEARING

Any Settlement Class Member who has not made a valid and timely request to be

excluded from the Settlement Class, and who objects to any aspect of the settlement, the Plan

of Allocation, or the application for attorneys' fees and expenses, may appear and be heard at

the Settlement Hearing.  Any such Person must submit a written notice of objection, received

on or before _____, 2005, by each of the following:

>CLERK OF THE COURT
>UNITED STATES DISTRICT COURT
>DISTRICT OF MINNESOTA
>180 East Fifth Street
>St. Paul, MN  55101
>
>LERACH COUGHLIN STOIA GELLER
>  RUDMAN & ROBBINS LLP
>JEFFREY D. LIGHT
>401 B Street, Suite 1600
>San Diego, CA  92101
>
>Lead Counsel for Lead Plaintiffs
>
>DORSEY & WHITNEY LLP
>PETER W. CARTER
>50 South Sixth Street, Suite 1500
>Minneapolis, MN  55402-1498
>
>Counsel for Defendants

The notice of objection must demonstrate the objecting Person's membership in the

Settlement Class, including the number of Stellent securities purchased and sold during the

Class Period, and contain a statement of the reasons for objection.  Only Settlement Class

Members who have submitted written notices of objection in this manner will be entitled to

be heard at the Settlement Hearing, unless the Court orders otherwise.

## XIV.   SPECIAL NOTICE TO NOMINEES

If you hold or held any Stellent securities purchased during the Class Period as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice and the Proof of Claim and Release by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Stellent Securities Litigation*
> c/o Claims Administrator
> Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and Proof of Claim and Release and which would not have been incurred but for the obligation to forward the Notice and Proof of Claim and Release, upon submission of appropriate documentation to the Claims Administrator.

## XV.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice concerning the Litigation, you may review the pleadings and Stipulation filed with the Court, which may be inspected during

business hours, at the office of the Clerk of the Court, United States District Court, District

of Minnesota, 180 East Fifth Street, St. Paul, Minnesota.

If you have any questions about the settlement of the Litigation, you may contact

Plaintiffs' Settlement Counsel by writing:

> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> JEFFREY D. LIGHT
> 401 B Street, Suite 1600
> San Diego, CA  92101

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**


DATED: _____, 2005          BY ORDER OF THE COURT
                                             UNITED STATES DISTRICT COURT
                                             DISTRICT OF MINNESOTA

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re STELLENT, INC. SECURITIES LITIGATION | ) ) ) | Master File No. CV-03-4384 RHK/AJB |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) ) | EXHIBIT A-2 |

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a Member of the Settlement Class as defined in the Notice of

Pendency and Proposed Settlement of Class Action ("Notice") based on your claims in

the consolidated action entitled *In re Stellent, Inc. Securities Litigation*, Master File No.

CV-03-4384 RHK/AJB (the "Litigation"), you must complete and, on page ___ hereof,

sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth

in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you

may be precluded from any recovery from the Settlement Fund created in connection

with the proposed settlement of the Litigation.

2.     Submission of this Proof of Claim and Release, however, does not assure that you

will share in the proceeds of settlement in the Litigation.

**3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF**

**CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2005,**

**ADDRESSED AS FOLLOWS:**

> *Stellent Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Settlement Class DO NOT submit a Proof of Claim and

Release form.

4.     If you are a Member of the Settlement Class and you have not timely requested

exclusion, you are bound by the terms of any judgment entered in the Litigation,

WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.     DEFINITIONS

1.     "Defendants" means Stellent, Inc. and any individual named as a defendant in any

complaint in the Litigation, including, Robert F. Olson, Vernon J. Hanzlik and Gregg A.

Waldon, separately or collectively.

2.     "Stellent Publicly Traded Securities" means Stellent's common stock and

Stellent's Put and Call Options.

## III.    CLAIMANT IDENTIFICATION

1.     If you purchased Stellent Publicly Traded Securities and held the certificate(s) in

your name, you are the beneficial purchaser as well as the record purchaser.  If, however,

you purchased Stellent Publicly Traded Securities and the certificate(s) were registered in

the name of a third party, such as a nominee or brokerage firm, you are the beneficial

purchaser and the third party is the record purchaser.

2.      Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Stellent Publicly Traded Securities which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE STELLENT PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.      CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Stellent Publicly Traded Securities" to supply all required details of your transaction(s) in Stellent Publicly Traded Securities.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to ***all*** of your holdings of Stellent Publicly Traded Securities as of October 2, 2001, all of your purchases and ***all*** of your sales of Stellent Publicly Traded Securities which took place at any time beginning October 2, 2001 through and including April 1, 2002 (the "Class Period"), whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Stellent common stock.  The date of a "short sale" is deemed to be the date of sale of Stellent common stock.

5.      Broker confirmations or other documentation of your transactions in Stellent Publicly Traded Securities should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

*In re Stellent, Inc. Securities Litigation*
Master File No. CV-03-4384 RHK/AJB

## PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:
_____, 2005

Please Type or Print

**PART I:**       **CLAIMANT IDENTIFICATION**

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____       _____

City                                    State or Province

_____       _____

Zip Code or Postal Code                 Country

_____       _____       Individual

Social Security Number or
Taxpayer Identification Number          _____       Corporation/Other

_____       _____

Area Code         Telephone Number (work)

_____       _____

Area Code         Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:   SCHEDULE OF TRANSACTIONS IN STELLENT PUBLICLY TRADED SECURITIES

    A.   Number of Stellent common stock shares held at the beginning of trading on October 2, 2001: _____

    B.   Purchases (October 2, 2001 – April 1, 2002, inclusive) of Stellent common stock shares:

| Trade Date<br>Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | _____ | _____ |
| 2._____ | _____ | _____ |
| 3._____ | _____ | _____ |

IMPORTANT:   Identify by number listed above all purchases in which you covered a "short sale": _____

    C.   Sales (October 2, 2001 – April 1, 2002, inclusive) of Stellent common stock shares:

| Trade Date<br>Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | _____ | _____ |
| 2._____ | _____ | _____ |
| 3._____ | _____ | _____ |

    D.   Number of Stellent common stock shares held at close of trading on April 1, 2002: _____

OPTION TRANSACTIONS IN STELLENT

    E.   Number of Stellent options held at beginning of trading on October 2, 2001: _____

F.      Options:  Purchases and/or sales during the period October 2, 2001 – April 1, 2002, inclusive:

| Type [C]all [P]ut | [B]uy [S]ell | Trade Date Mth/Day/Year | Number of Option Contracts Purchased/Sold | Total Price | Price Received |
|---|---|---|---|---|---|
| 1. _____ _____ | _____ | _____ | _____ | _____ |
| 2. _____ _____ | _____ | _____ | _____ | _____ |
| 3. _____ _____ | _____ | _____ | _____ | _____ |
| 4. _____ _____ | _____ | _____ | _____ | _____ |

G.      Number of Stellent options held at close of trading on April 1, 2002: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ THE RELEASE AND SIGN ON PAGE _____.

**V.     SUBMISSION TO JURISDICTION OF COURT AND
ACKNOWLEDGMENTS**

I submit this Proof of Claim and Release under the terms of the Stipulation of

Settlement dated as of August 10, 2005 ("Stipulation") described in the Notice.  I also submit

to the jurisdiction of the United States District Court for the District of Minnesota with

respect to my claim as a Settlement Class Member (as defined in the Notice) and for

purposes of enforcing the release set forth herein.  I further acknowledge that I am bound by

and subject to the terms of any judgment that may be entered in the Litigation.  I agree to

furnish additional information to the Claims Administrator to support this claim if requested

to do so.  I have not submitted any other claim covering the same purchases or sales of

Stellent Publicly Traded Securities during the Class Period and know of no other Person

having done so on my behalf.

**VI.     RELEASE**

1.      I hereby acknowledge full and complete satisfaction of, and do hereby fully,

finally and forever settle, release, relinquish and discharge from the Released Claims

each and all of the Defendants and each and all of their "Related Persons," defined as

each of a Defendant's present and former parents, subsidiaries, affiliates, divisions, and

joint ventures, and their present and former officers, directors, employees, agents,

representatives, attorneys, insurers, excess insurers, advisors, investment advisors,

auditors, accountants, spouses and immediate family members, and the predecessors,

heirs, successors, and assigns of any of them, any Person or entity in which any Related

Person has or had a controlling interest or which is or was related to or affiliated with any

Related Person, and any trust of which any Defendant is the settlor or which is for the

benefit of any Defendant and/or member(s) of his family.

2.     "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Defendants arising out of, based upon or related to both the purchase of Stellent Publicly Traded Securities by any Settlement Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, representations, statements, omissions or failures to act which were or could have been alleged in the Litigation.  Released Claims also includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation between the Settling Parties but does not include any claim to enforce the terms of the Stipulation.

3.     "Released Persons" means each and all of the Defendants and each and all of their Related Persons.

4.    "Unknown Claims" means any Released Claims which any Lead Plaintiff or

Settlement Class Member does not know or suspect to exist in his, her or its favor at the

time of the release of the Released Persons, which, if known by him, her or it, might have

affected his, her or its settlement with and release of the Released Persons, or might have

affected his, her or its decision not to object to this settlement.  With respect to any and

all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,

the Lead Plaintiffs shall expressly waive and each of the Settlement Class Members shall

be deemed to have waived, and by operation of the Judgment shall have expressly

waived, the provisions, rights and benefits of California Civil Code §1542, which

provides:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.

The Lead Plaintiffs shall expressly waive and each of the Settlement Class Members shall be

deemed to have waived, and by operation of the Judgment shall have expressly waived, any

and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, which is similar, comparable or equivalent to

California Civil Code §1542.  The Lead Plaintiffs and Settlement Class Members may

hereafter discover facts in addition to or different from those which he, she or it now knows

or believes to be true with respect to the subject matter of the Released Claims, but each

Lead Plaintiff shall expressly fully, finally, and forever settle and release and each Settlement

Class Member, upon the Effective Date, shall be deemed to have fully, finally, and forever

settled and released, and by operation of the Judgment shall have expressly fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the settlement of which this release is a part.

5.      This release shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date.

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Stellent Publicly Traded Securities which occurred during the Class Period and the number of shares of Stellent Publicly Traded Securities held by me (us) at the opening of trading on October 2, 2001, and close of trading on April 1, 2002.

## SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

### PART I

NAME: _____

Check appropriate box:

☐     Individual/Sole Proprietor       ☐     Pension Plan
☐     Corporation     ☐     Partnership      ☐     Trust
☐     IRA           ☐     Other

      Enter TIN on appropriate line.

      For individuals, this is your social security number ("SSN").

      For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

      For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __      or      __ __ - __ __ __ __ __ __ __

Social Security Number                 Employer Identification Number

### PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

### PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.     The number shown on this form is my correct TIN; and

2.     I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result

of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,

                            (Month / Year)

in _____, _____.

          (City)                          (State / Country)

_____

                            (Sign your name here)

_____

                      (Type or print your name here)

_____

                      (Capacity of person(s) signing,
                      *e.g.*, Beneficial Purchaser,
                      Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and declaration.

2.      Remember to attach supporting documentation, if available.

3.      Do not send original stock certificates.

4.      Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re STELLENT, INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. CV-03-4384 RHK/AJB |
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) | SUMMARY NOTICE |
| ALL ACTIONS. | ) ) | EXHIBIT A-3 |

TO:   ALL PERSONS WHO PURCHASED STELLENT, INC. ("STELLENT")
COMMON STOCK OR STELLENT PUT AND CALL OPTIONS FROM
OCTOBER 2, 2001 THROUGH APRIL 1, 2002, INCLUSIVE ("CLASS PERIOD")

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District

Court for the District of Minnesota that a hearing will be held on _____, 2005, at

_____ __.m., before the Honorable Richard H. Kyle, United States District Judge, at 180

East Fifth Street, St. Paul, Minnesota.  The hearing is to consider a proposed settlement of a

consolidated class action litigation (the "Litigation").  More specifically, the purpose of the

hearing is to determine: (1) whether the proposed settlement of the claims in the Litigation,

for the sum of $12,000,000.00 plus accrued interest should be approved by the Court as fair,

reasonable, and adequate; (2) whether the Litigation should be dismissed with prejudice as

set forth in the Stipulation of Settlement dated as of August 10, 2005; (3) whether the Plan of

Allocation is fair, reasonable and adequate and therefore should be approved; and

(4) whether the application of plaintiffs' counsel for the payment of attorneys' fees and

reimbursement of expenses incurred by plaintiffs' counsel in connection with the Litigation

should be approved.

If you purchased Stellent securities, including Stellent Common Stock or Stellent Put

and Call Options, during the period from October 2, 2001 through April 1, 2002, your rights

will likely be affected by the settlement of this Litigation.  If you have not received a detailed

Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of

Claim and Release, you may obtain copies by writing to *Stellent Securities Litigation*,

Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040.

If you are a Settlement Class Member, in order to share in the distribution of the Net

Settlement Fund, you must submit a Proof of Claim and Release no later than _____,

2005, establishing that you are entitled to recovery.  You will, by operation of law, release

any claims you have against Stellent and Stellent's officers and directors related to the

purchase of Stellent securities during the period beginning October 2, 2001 through April 1,

2002.  You will be bound by any judgment rendered in the Litigation whether or not you

make a claim, unless you request to be excluded from the Settlement Class by

_____, 2005 in the manner and form explained in the detailed Notice referred to

above.

Any objection to the settlement must be mailed or delivered such that it is received by

each of the following no later than _____, 2005:

> CLERK OF THE COURT
> UNITED STATES DISTRICT COURT
> DISTRICT OF MINNESOTA
> 180 East Fifth Street
> St. Paul, MN  55101
>
> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> JEFFREY D. LIGHT
> 401 B Street, Suite 1600
> San Diego, CA  92101
>
> Lead Counsel for Lead Plaintiffs
>
> DORSEY & WHITNEY LLP
> PETER W. CARTER
> 50 South Sixth Street, Suite 1500
> Minneapolis, MN  55402-1498
>
> Counsel for Defendants

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____, 2005          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     DISTRICT OF MINNESOTA