# ORIGINAL

## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re STELLENT, INC. SECURITIES LITIGATION | ) Master File No. CV-03-4384 RHK/AJB |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS. | ) [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |



NOV 1 6 2005

This matter came before the Court for hearing pursuant to an Order of this Court, dated September 6, 2005, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of August 10, 2005 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, the Lead Plaintiffs, the Settlement Class and each of the Settlement Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between

- 1 -

experienced counsel representing the interests of the Lead Plaintiffs, the Settlement Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a class consisting of all Persons who purchased Stellent Publicly Traded Securities, including Stellent Common Stock or Stellent Put and Call Options, from October 2, 2001 through April 1, 2002, inclusive. Excluded from the Settlement Class are the Defendants, members of the immediate families of any individual Defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation.

6.       With respect to the Settlement Class, this Court finds for the purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class

- 2 -

action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7.      Upon the Effective Date, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and all Related Persons (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release). As used in this Final Judgment and Order of Dismissal with Prejudice, the terms "Released Claims," "Released Persons," and "Related Persons," shall have the meanings specified below:

(a)     "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.23 of the Stipulation of Settlement), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Defendants arising out of, based upon or related to both the purchase of Stellent

- 3 -

Publicly Traded Securities by any Settlement Class Member during the Class Period and the facts, transactions, events, occurrences, acts, disclosures, representations, statements, omissions or failures to act which were or could have been alleged in the Litigation. Released Claims also includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation between the Settling Parties but does not include any claim to enforce the terms of the Stipulation;

(b) "Released Persons" means each and all of the Defendants and each and all of their Related Persons; and

(c) "Related Persons" means each of a Defendant's present and former parents, subsidiaries, affiliates, divisions, joint ventures, present and former officers, directors, employees, agents, representatives, attorneys, insurers, excess insurers, advisors, investment advisors, auditors, accountants, spouses and immediate family members, and the predecessors, heirs, successors, and assigns of any of them, any Person or entity in which any Related Person has or had a controlling interest or which is or was related to or affiliated with any Related Person, and any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.

8. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Lead Plaintiffs, Lead Plaintiffs' counsel, any plaintiff who was named in a complaint filed in the Litigation and any counsel who appeared

- 4 -

for any plaintiff in the Litigation from all claims (including Unknown Claims) relating to or arising out of or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10.     The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11.     Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.   The Released Persons may

file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED, LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _____11/16/05_____     _____
                                   THE HONORABLE RICHARD H. KYLE
                                   UNITED STATES DISTRICT JUDGE

Submitted by:

REINHARDT WENDORF &
BLANCHFIELD
GARRETT D. BLANCHFIELD, JR
(#209855)


_____
GARRETT D. BLANCHFIELD, JR
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Telephone: 651/287-2100
651/287-2103 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
REED R. KATHREIN
DENNIS J. HERMAN
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

- 7 -

GOODKIND LABATON RUDOFF
  & SUCHAROW, LLP
CHRISTOPHER KELLER
LOUIS GOTTLIEB
100 Park Avenue, 12th Floor
New York, NY 10017-5563
Telephone: 212/907-0700
212/818-0477 (fax)

Attorneys for Lead Plaintiff David Mowbray

S:\Settlement\Stellent.set\JGT00025766.doc

**AS OF NOVEMBER 8, 2005**

**NO REQUESTS FOR EXCLUSION**

**HAVE BEEN RECEIVED**

**Exhibit 1**